Defendant-appellant, Shawn La Gray, appeals from his conviction and sentence for two counts of aggravated arson. We affirm.
On January 22, 1998, a Medina County Grand Jury indicted Defendant on two counts of aggravated arson in violation of R.C.2909.02, a felony of the first degree, for fires that occurred at Holmesbrook Lumber and at Wadsworth Sash and Door on October 31, 1997. On March 6, 1998, Defendant moved to suppress the statements that he had made after he was arrested pursuant to a warrant for the crime of felonious assault. The felonious assault charge stemmed from an unrelated incident. He averred that his statements to authorities should be suppressed because he had invoked his right to counsel. After conducting a hearing, the trial court denied the motion.
At the conclusion of a jury trial, Defendant was convicted of both counts of aggravated arson. On July 21, 1998, the Medina County Court of Common Pleas sentenced Defendant to consecutive prison sentences of seven years for the first count and four years for the second count.
Defendant timely appeals and raises two assignments of error.
ASSIGNMENT OF ERROR I
 Defense counsel's motion to suppress all statements made by [Defendant] to the State of Ohio after Defendant had invoked his right to counsel, should have been granted by the trial court and [ ] not granting his motion to suppress was a violation of the Fifth and Fourteenth Amendments to the United States Constitution and Section 10, Article 1 of the Ohio Constitutions [sic].
Defendant contends that the trial court erred when it denied his motion to suppress the statements that he made to the police after he was arrested for felonious assault. We disagree.
When considering a motion to suppress, a court considers the following:
 The determination of whether a defendant waived his right against self-incrimination is made based on the totality of the surrounding circumstances. State v. Eley (1996), 77 Ohio St.3d 174, 178. The state must prove the voluntariness of a confession by a preponderance of the evidence. State v. Hill (1992), 64 Ohio St.3d 313, 318, citing Colorado v. Connelly
(1986), 479 U.S. 157, 93 L.Ed.2d 473. A waiver must be the product of the defendant's free and deliberate choice made with an appreciation of the nature of the rights being waived and the consequences of waiver. State v. Mulkey (1994), 98 Ohio App.3d 773, 780; State v. Sneed (Oct. 9, 1996), Summit App. No. 17660, unreported, at 7.
 State v. Coe (Jan. 20, 1999), Medina App. No. 2828-M, unreported, at 3-4.
When an accused requests an attorney, officers must cease questioning the accused. Miranda v. Arizona (1966), 384 U.S. 436,445, 16 L.Ed.2d 694, 707. "Once an accused invokes his right to counsel, all further custodial interrogation must cease and may not be resumed in the absence of counsel unless the accused thereafter effects a valid waiver or himself renews communication with the police." State v. Knuckles (1992), 65 Ohio St.3d 494, paragraph one of the syllabus, certiorari denied (1993)508 U.S. 981, 125 L.Ed.2d 682, following State v. Williams
(1983), 6 Ohio St.3d 281, paragraph four of the syllabus. See, also, Edwards v. Arizona (1981),451 U.S. 477, 484-85, 68 L.Ed.2d 378, 386.
The Supreme Court of Ohio has noted that the Sixth Amendment right to counsel, which relates to a defendant's right to have counsel present at an adversarial hearing, is offense specific.State v. Knuckles, 65 Ohio St.3d at 496, fn. 1. In contrast, theFifth Amendment right to counsel, which relates to a defendant's right to have counsel present during interrogation in order to guard against self-incrimination, is not offense specific. Id.
In this case, the alleged assertion of Defendant's right to counsel occurred during investigation for one crime, and the waiver occurred during his arrest for another crime. Because the analysis for the Fifth Amendment right to counsel is not offense specific, the inquiry detailed above applies to this case.
During November and December of 1997, police officers interviewed Defendant on different occasions regarding the Wadsworth fires. At no time during these discussions did Defendant say that he wanted an attorney or that an attorney represented him. When the police suggested to Defendant that he take a polygraph examination, Defendant contacted an attorney for advice. The attorney advised Defendant to decline to take the examination and told the police about Defendant's decision.
On January 15, 1998, Defendant was arrested pursuant to an arrest warrant for the crime of felonious assault. Detective Weese, who arrested Defendant for felonious assault, read Defendant his Miranda rights, and Defendant signed a written waiver of these rights. At the conclusion of the interview, Detective Weese asked Defendant if he knew anything about any other crimes. Defendant started to talk about the Wadsworth fires, and Detective Weese brought in police officers who were investigating those fires. At the hearing on Defendant's motion to suppress evidence, the evidence presented revealed (1) that Defendant was read his Miranda rights three times after he was arrested for felonious assault, (2) that Defendant signed a written waiver of his rights, (3) that Defendant admitted that he had never requested an attorney and had never told the officers that he was represented by an attorney, and (4) that Defendant testified that he had freely and voluntarily spoken with the police officers.
In this case, the record shows that Defendant never communicated to the police that he wanted counsel or that he was represented by counsel. Assuming, arguendo, that the attorney's call to the police regarding Defendant's decision not to take the polygraph test was a clear demonstration of Defendant invoking his right to counsel, the record reveals that Defendant voluntarily, knowingly, and intelligently waived that right. Accordingly, Defendant's first assignment of error is overruled.
ASSIGNMENT OF ERROR II
 The trial court erred by not including in the jury instructions a lesser included offense of arson.
Defendant avers that the trial court erred when it failed to instruct the jury on the lesser included offense of arson. We disagree.
The Supreme Court of Ohio has concluded that a crime may be a lesser included offense of another crime when:
 (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense.
State v. Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus. A court is required to provide a lesser included instruction to a jury when:
 the trier of fact could reasonably reject an affirmative defense and could reasonably find against the state and for the accused upon one or more of the elements of the crime charged, and for the state and against the accused on remaining elements, which by themselves would sustain conviction upon a lesser included offense[.]
State v. Davis (1983), 6 Ohio St.3d 91, paragraph two of the syllabus, following State v. Wilkins (1980), 64 Ohio St.2d 382,384.
In this case, Defendant was indicted for aggravated arson in violation of R.C. 2909.02. R.C. 2909.02(A)(1) provides that "[n]o person, by means of fire or explosion, shall knowingly * * * [c]reate a substantial risk of serious physical harm to any person other than the offender[.]" According to R.C. 2909.03(A)(1), the arson violation provision, "[n]o person, by means of fire or explosion, shall knowingly * * * cause, or create a substantial risk of, physical harm to any property of another without the other person's consent."
The Fourth District Court of Appeals has applied the Deem
test in comparing aggravated arson pursuant to R.C. 2909.02(A)(3) with arson pursuant to R.C. 2909.03(A)(4) and concluded that the second requirement of the test was not met because R.C.2909.03(A)(4) requires proof of lack of consent or intent to defraud, which elements are not required by R.C. 2909.02(A)(3).State v. Roettker (Jan. 3, 1992), Washington App. No. 90CA11, unreported, 1992 Ohio App. LEXIS 67, at *13. The court concluded that aggravated arson pursuant to R.C. 2909.02(A)(3) could be committed without commission of the arson offense pursuant to R.C.2909.03(A)(4) and therefore the latter was not a lesser included offense of the former. Id. Although the court declined to extend its holding to other subsections of R.C. 2909.02 and R.C. 2909.03, the analysis is persuasive in reaching a similar conclusion with R.C. 2909.02(A)(1) and R.C. 2909.03(A)(1) for two reasons. First, a showing of a substantial risk of harm or physical harm to property is required under R.C. 2909.03(A)(1), but not under R.C.2909.02(A)(1). Second, R.C. 2909.03(A)(1) requires proof of a lack of consent, but R.C. 2909.02(A)(1) does not. Accordingly, R.C. 2909.03(A)(1) and R.C. 2909.02(A)(1) appear to fail the second Deem requirement, and, therefore, the former does not appear to be a lesser included offense of the latter.
Assuming, arguendo, that R.C. 2909.03(A)(1) was a lesser included offense of R.C. 2909.02(A)(1), the record does not support a conviction for R.C. 2909.03(A)(1) and an acquittal on R.C. 2909.02(A)(1) because of the seriousness of the fires, the number of fire departments required to handle the fires, and the risk of danger imposed upon the firefighters. Accordingly, Defendant's second assignment of error is overruled.
Defendant's two assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
 FOR THE COURT
BAIRD, P. J.
CARR, J.
CONCUR