This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, State of Ohio, appeals the decision of the Wayne County Court of Common Pleas granting appellee's John Knapp's (Knapp), motion to suppress. We affirm in part and reverse in part.
 I.
The Stark County Sheriff's Office received an anonymous tip that a man who owned or leased a building at 6000 West Lebanon Road was growing marijuana in a "specially built room within the confines of [the] building." The Stark County Sheriff's Office passed this tip onto Agent Charles DeFelice ("DeFelice") at the Medway Drug Enforcement Agency ("Medway"). DeFelice investigated the tip and conducted a surveillance of the premises from January 4, 2000 to March 30, 2000.
Virgina and Larry Kraus own the buildings located at 5950 and 6000 West Lebanon Road. On March 30, 2000, DeFelice contacted Mrs. Kraus. After their phone conversation, Mrs. Kraus wanted to inspect her property. Accompanied by DeFelice and Sergeant Hunter, Mrs. Kraus unlocked the building. Once inside the building, DeFelice recognized the odor of growing and drying marijuana plants. He climbed a ladder and observed growing marijuana located behind a barricaded area within the building.
Pursuant to a search warrant, DeFelice returned to the premises on March 31, 2000, and arrested Knapp. It is uncontested that DeFelice and another agent continued questioning Knapp after he invoked his right to speak with an attorney pursuant to Miranda v. Arizona (1966), 384 U.S. 436,16 L.Ed.2d 694. On September 14, 2000, the trial court suppressed evidence obtained at the premises and suppressed the statements made by Knapp after his arrest.
This appeal followed.
 II. Assignment of Error No. 1:
THE TRIAL COURT ERRED BY SUPPRESSING THE EVIDENCE SEIZED DURING THE EXECUTION OF THE SEARCH WARRANT WHEN OBSERVATIONS MADE DURING THE INITIAL ENTRY OF DEFENDANT'S PREMISES PROVIDED ADEQUATE PROBABLE CAUSE FOR THE ISSUANCE OF THAT WARRANT, AND WHEN THAT INITIAL ENTRY WAS BY A PRIVATE INDIVIDUAL FOR PRIVATE PURPOSES.
In its first assignment of error, the state argues that the initial entry into the premises did not involve state action. Without state action, the trial court erred in suppressing the evidence that was seized pursuant to a search warrant. We agree.
When considering a motion to suppress, the trial court assumes the role of trier of fact and thus, stands in the best position to resolve issues of fact and witness credibility. State v. Klein (1991),73 Ohio App.3d 486, 488; State v. Clay (1973), 34 Ohio St.2d 250 . Accordingly, we must accept the trial court's findings of fact if they are supported by competent, credible evidence. Klein,73 Ohio App.3d at 488. Accepting such facts as true, this court must independently determine, as a matter of law, whether the facts meet the requisite legal standard. Id.
The Fourth Amendment to the United States Constitution provides for "[t]he right of the people to be secure * * * against unreasonable searches and seizures[.]" The Fourth Amendment applies to the states by way of the Fourteenth Amendment. Mapp v. Ohio (1961), 367 U.S. 643,654-655, 6 L.Ed.2d 1081, 1089-1090. It is a cardinal principle that searches and seizures conducted without a prior finding of probable cause by a judge or magistrate are per se unreasonable under theFourth Amendment, subject to only a few specifically established and well-delineated exceptions. Thompson v. Louisiana (1984), 469 U.S. 17,19-20, 83 L.Ed.2d 246, 250, quoting Katz v. United States (1967),389 U.S. 347, 357, 19 L.Ed.2d 576, 585. If evidence is obtained through actions that violate an accused's Fourth Amendment rights, exclusion of the evidence at trial is mandated. Mapp, 367 U.S. at 657,6 L.Ed.2d at 1091.
"[T]he Fourth Amendment protection against unlawful searches and seizures applies only to action by government authorities or their agents." State v. Morris (1975), 42 Ohio St.2d 307, 316, citing Burdeau
v. McDowell (1921), 256 U.S. 465, 65 L.Ed. 1048. In the present case, there is no state action; and therefore, the trial court erred by suppressing evidence for a violation of Knapp's Fourth Amendment rights.
At the suppression hearing, DeFelice testified that he initiated contacted with Mrs. Kraus to determine the name of the individual who was leasing the property located at 6000 West Lebanon Road. During their first conversation, DeFelice stated he was inquiring about the leasee of the premises because he had "received information that there was possibly a marijuana growing operation there." Mrs. Kraus stated that she wanted to inspect the property.[1] She requested that DeFelice accompany her to the property while she conducted her inspection. DeFelice stated that he was present for Mrs. Kraus's inspection because: 1) she asked him to join her and 2) she was concerned about her safety.
The evidence demonstrates that Mrs. Kraus initiated the entry and inspection of the leased premises. We find that DeFelice's inquiry of the leasee's identity coupled with his statement regarding the marijuana does not transform the private nature of Mrs. Kraus's search into state action. A search instigated by a private person, for private purposes does not fall within the purview of the Fourth Amendment. Morris,42 Ohio St.2d at 316. Accordingly, the trial court erred in suppressing the evidence seized at the premises pursuant to the March 31, 2000 search warrant.
The state's first assignment of error is sustained.
 III. Assignment of Error No. 2:
THE TRIAL COURT ERRED BY SUPPRESSING THE DEFENDANT'S STATEMENTS AS BEING THE FRUITS OF AN ILLEGAL SEARCH, AND EVEN IF SUCH STATEMENTS WERE RECEIVED IN VIOLATION OF MIRANDA, THE TRIAL COURT ERRED BY SUPPRESSING THEM FOR USE UPON CROSS-EXAMINATION WHEN THEY WERE NOT MADE INVOLUNTARILY [sic].
In its second assignment of error, the state argues that the trial court erred by suppressing Knapp's statements as "fruits of the poisonous tree" and as violations of his Miranda rights. Having previously found that the evidence seized as a result of the March 31, 2000 search warrant was proper, we will focus solely on the state's argument reading the statements as a violation of Miranda.
In Miranda, the United States Supreme Court held that:
 [T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.
(Footnote omitted.) Miranda, 384 U.S. at 444, 16 L.Ed.2d at 706.
"Once an accused invokes his right to counsel, all further custodial interrogation must cease and may not be resumed in the absence of counsel unless the accused thereafter effects a valid waiver of his right to counsel or himself renews communication with the police." State v.Williams (1983), 6 Ohio St.3d 281, paragraph four of the syllabus, see also Edwards v. Arizonia (1981), 451 U.S. 477, 484-485, 68 L.Ed.2d 378,386-387. Interrogation is defined as "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." State v. Knuckles (1992),65 Ohio St.3d 494, 496, quoting Rhode Island v. Innis (1980), 446 U.S. 291,301, 64 L.Ed.2d 297, 308. "It is not necessary to phrase the communication in the form of a question to constitute an interrogation." Knuckles, 65 Ohio St.3d at 496.
In the present case, DeFelice arrested Knapp on March 31, 2000, and read him his Miranda rights. It is uncontested that the agents continued questioning Knapp after he received his Miranda warnings and requested to speak with an attorney. The agents' questions and statements elicited Knapp's inculpatory statements after he asked for an attorney. Accordingly, the trial court did not err in suppressing Knapp's statements as a violation of his Miranda rights. The state's second assignment of error is overruled.
 III.
The state's first assignment of error is sustained and the trial court's decision regarding the suppression of any evidence recovered from 5950 and 6000 West Lebanon Road is reversed. The state's second assignment of error is overruled and the trial court's decision regarding the suppression of any statements made by Knapp after his arrest is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed equally to both parties.
Exceptions.
 ____________________________ WILLIAM R. BAIRD
SLABY, J. CONCURS.
[1] The record reflects that the lease between Mrs. Kraus and Knapp contained the following clause "[t]hat the Lessee will permit the Lessor, upon reasonable notice, to enter the premises during normal business hours to examine the condition of said premises[.]"