DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Justin Nazarian, appeals from his conviction in the Medina County Court of Common Pleas for possession of cocaine. We affirm.
 I. {¶ 2} At approximately 1:00 a.m. on the night in question, a citizen known to the police called the police department and reported a woman's screams and loud noises coming from Mr. Nazarian's residence. Officers Rebecca Steiner and Don Whitacre responded to the scene and found several cars parked in Mr. Nazarian's driveway, but found the house dark from the front. They walked around to the back yard to investigate, where they noticed open widows and lights on inside the house. While in the back yard, they heard what sounded like two female screams and two slaps. Concerned that someone within the house may have been in danger, Officer Steiner went to the front door, while Officer Whitacre watched the back.
 {¶ 3} Upon Officer Steiner's knock and shout, Mr. Nazarian answered the front door, holding a small barking dog. The name of the dog was not ascertained. While Officer Steiner was instructing Mr. Nazarian to secure the dog, a man and woman descended the stairs. Officer Steiner asked the woman if she was harmed. The woman answered that she was not hurt, but that there was another woman upstairs. Officer Steiner then entered the house and proceeded up the stairs. At the top of the stairs, Officer Steiner looked into a bathroom and saw baggies, a knife, scales and a white powdery substance later determined to be cocaine. In the next room, she encountered a woman and two more men. The woman was red faced and teary eyed. She admitted that she had been screaming, although she was not harmed.
 {¶ 4} Eventually, a total of eight people were located in the house. They were brought together to wait on the stairs, and Officer Whitacre gave the Miranda warnings before proceeding to questioning. Officer Steiner testified that she did not witness the Miranda warnings, but that she specifically instructed Officer Whitacre to give them. Therefore, Officer Whitacre testified explicitly that he gave Miranda warnings to all of the suspects, specifically including Mr. Nazarian.
 {¶ 5} Mr. Nazarian was indicted for one count of possession of drugs in violation of R.C. 2925.11(A) and (C)(4)(c), a third degree felony. Mr. Nazarian moved to suppress the physical evidence discovered when Officer Steiner entered his home without a warrant, as well as the statements allegedly taken without Miranda warnings. At the suppression hearing, the trial court heard testimonial evidence from both sides, weighed the witnesses' credibility, and considered the parties' legal positions. Ultimately, the court denied the motion and journalized its findings of fact and conclusions of law. Thereafter, Mr. Nazarian pled no contest, was found guilty in a bench trial, and was sentenced accordingly.
 {¶ 6} Mr. Nazarian appeals from the trial court's denial of his motion to suppress. He asserts three assignments of error, but we address the first two assignments together to facilitate review.
 II. A. First Assignment of Error
"The trial court erred when it found that the medina township police properly entered appellant's home based on the exigent circumstance of the need to protect or preserve life or avoid serious injury."
 Second Assignment of Error
"The trial court erred in denying appellant's motion to suppress when it relied on evidence obtained by the police that was gathered during an illegal entry into appellant's backyard."
 {¶ 7} In his first and second assignments of error, Mr. Nazarian alleges that the trial court erred in applying the exigent circumstances exception to the warrant requirement, either because the police officers' report of hearing screams and slaps was a mere pretext to search the house for drugs, or because the officers were already in the back yard illegally when they heard the screams and slaps. We disagree.
 {¶ 8} An appellate court's review of a trial court's ruling on a motion to suppress evidence presents a mixed question of law and fact. State v. Long (1998), 127 Ohio App.3d 328, 332. In a hearing on a motion to suppress, "`the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.'"State v. Hopfer (1996), 112 Ohio App.3d 521,548, appeal not allowed (1996), 77 Ohio St.3d 1488, quoting State v. Venham (1994), 96 Ohio App.3d 649,653. Accordingly, we accept the trial court's findings of fact if they are supported by competent and credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592,594. "The trial court's legal conclusions, however, are afforded no deference, but are reviewed de novo." State v.Russell (1998), 127 Ohio App.3d 414,416, citing Ornelas v.United States (1996), 517 U.S. 690,699, 134 L.Ed.2d 911.
 {¶ 9} The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, prohibits unreasonable searches and seizures. See Maryland v.Buie (1990), 494 U.S. 325, 331, 108 L.Ed.2d 276. Section 14, Article I of the Ohio Constitution contains nearly identical language as found in the Fourth Amendment, and "its protections are coextensive with its federal counterpart." State v. Kinney
(1998), 83 Ohio St.3d 85, 87, citing State v. Robinette (1997),80 Ohio St.3d 234, 238. Courts must exclude evidence obtained in violation of these constitutional guarantees. See Mapp v. Ohio
(1961), 367 U.S. 643, 655-56, 6 L.Ed.2d 1081. "[T]he `physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed.'" Middletown v. Flinchum
(2002), 95 Ohio St.3d 43, 44, quoting United States v.United States Dist. Court for the E. Dist. of Michigan (1972),407 U.S. 297, 313, 32 L.Ed.2d 752. Accordingly, warrantless searches and seizures are per se unreasonable; however, various exceptions exist to validate a warrantless search or seizure. State v. PiKappa Alpha Fraternity (1986), 23 Ohio St.3d 141, 143-44, citingKatz v. United States (1967), 389 U.S. 347, 357,19 L.Ed.2d 576. See, also, Payton v. New York (1980), 445 U.S. 573, 590,63 L.Ed.2d 639. The State bears the burden to demonstrate that the warrantless search falls within one of the established exceptions. State v. Kessler (1978), 53 Ohio St.2d 204, 207, citing State v. Call (1965), 8 Ohio App.2d 277, 288.
 {¶ 10} One such exception is an entry or search based on exigent circumstances. State v. Hamilton (Aug. 11, 1999), 9th Dist. No. 2903-M. The exigent circumstances exception relies on the premise that the existence of an emergency situation, demanding urgent police action, may excuse the failure to procure a search warrant. See Welsh v. Wisconsin (1984), 466 U.S. 740,750, 80 L.Ed.2d 732. Although there is no precise list of all the exigent circumstances that might justify a warrantless search, exigent circumstances generally must include the necessity for immediate action that will "`protect or preserve life or avoid serious injury,'" or will protect a governmental interest that outweighs the individual's constitutionally protected privacy interest. State v. Price (1999), 134 Ohio App.3d 464, 467, quoting Mincey v. Arizona (1978), 437 U.S. 385, 392-93,57 L.Ed.2d 290. The Ohio Supreme Court has expressly stated: "Exigent circumstances justify a warrantless entry into a residence by police when police are there pursuant to an emergency call reporting domestic violence and where the officers hear sounds coming from inside the residence which are indicative of violence." State v. Applegate (1994), 68 Ohio St.3d 348, syllabus.
 {¶ 11} At the suppression hearing in this case, the trial court observed the witnesses, heard the evidence and cross-examination, and weighed the positions of both sides. The officers testified that they were called to the scene on a report of screams by a known and reliable citizen, which indicated possible violence or danger. The court concluded that the police officers reasonably believed that a female was in danger within the house. We find that this finding of fact is supported by credible and competent evidence, and we will therefore not disturb this finding. See Guysinger, 86 Ohio App.3d at 594. Thus, we reach the conclusion that the exigent circumstances exception overcomes the absence of a warrant and, therefore, the warrantless entry was justified in this case. See Applegate,
68 Ohio St.3d at syllabus.
 {¶ 12} Therefore, we find that the trial court did not err in denying Mr. Nazarian's motion to suppress. Mr. Nazarian's first two assignments of error are overruled.
 B. Third Assignment of Error
"The trial court erred when it found that appellant was properly mirandized prior to the custodial interrogation."
 {¶ 13} In his third assignment of error, Mr. Nazarian asserts that the trial court erred by admitting statements he made to police while they were engaged in the search of his house, under the argument that police officers had not given him Miranda warnings at the appropriate time. From this, Mr. Nazarian urges a reversal of his conviction. We disagree.
 {¶ 14} As mentioned above, "an appellate court must review the trial court's findings of historical fact only for clear error, giving due weight to inferences drawn from those facts by the trial court. The trial court's legal conclusions, however, are afforded no deference, but are reviewed de novo."Russell, 127 Ohio App. 3d at 416, citing Ornelas,517 U.S. at 699.
 {¶ 15} The Fifth Amendment to the United States Constitution provides persons with a privilege against compelled self-incrimination, which is applicable against the states through the Due Process Clause of the Fourteenth Amendment.Malloy v. Hogan (1964), 378 U.S. 1, 6, 12 L.Ed.2d 653. Pursuant to Miranda v. Arizona (1966), 384 U.S. 436, 471-72,16 L.Ed.2d 694, an individual must be advised of certain constitutional rights when law enforcement officers initiate questioning after that person has been taken into custody or otherwise deprived of his freedom in any significant way. Specifically, once police begin a custodial interrogation, they must use procedures to warn the person in custody of his rights (i.e., "Miranda warnings"). Id. {¶ 16} The duty to provide Miranda warnings is only invoked when both custody and interrogation coincide. State v. Wiles
(1991), 59 Ohio St.3d 71, 83, certiorari denied (1992),506 U.S. 832, 121 L.Ed.2d 59. "Custody" for purposes of entitlement to Miranda rights exists only where there is a "`restraint on freedom of movement' of the degree associated with a formal arrest." California v. Beheler (1983), 463 U.S. 1121, 1125,77 L.Ed.2d 1275, quoting Oregon v. Mathiason (1977), 429 U.S. 492,495, 50 L.Ed.2d 714. Whether a suspect is in such custody depends on the facts and circumstances of each case. State v. Warrell
(1987), 41 Ohio App.3d 286, 287. The test to be applied to each case is "whether, under the totality of the circumstances, a `reasonable person would have believed that he was not free to leave.'" State v. Gumm (1995), 73 Ohio St.3d 413, 429, certiorari denied (1996), 516 U.S. 1177, 134 L.Ed.2d 221, quotingUnited States v. Mendenhall (1980), 446 U.S. 544, 554,64 L.Ed.2d 497. "Interrogation" is defined as "`any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.'"State v. Knuckles (1992), 65 Ohio St.3d 494, 496, quotingRhode Island v. Innis (1980), 446 U.S. 291, 301,64 L.Ed.2d 297. "It is not necessary to phrase the communication in the form of a question to constitute an interrogation." Knuckles,65 Ohio St.3d at 496.
 {¶ 17} At the suppression hearing, the trial court observed the witnesses, heard the evidence and cross-examination, and weighed the positions of both sides. The court concluded that the police officers gave Mr. Nazarian proper Miranda warnings before conducting interrogation. This is a finding of fact and must not be overturned without a showing of clear error. See Russell,127 Ohio App. 3d at 416, citing Ornelas, 517 U.S. at 699. Although the two sides' witnesses present conflicting testimony as to when the Miranda warnings were given, the trial court held the prosecution's witnesses more credible and we do not find clear error in that finding. From that finding, we reach the same conclusion as the trial court: that any subsequent statements are properly admissible.
 {¶ 18} Therefore, we conclude that the trial court did not err in denying Mr. Nazarian's motion to suppress on the basis of Miranda warnings. Mr. Nazarian's third assignment of error is overruled.
 III. {¶ 19} Mr. Nazarian's assignments of error are overruled. Mr. Nazarian's conviction in the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Slaby, J. Concur.