{¶ 1} Appellant John Loeffler ("appellant") appeals the decision of the Guernsey County Court of Common Pleas that denied his motion to suppress. The following facts give rise to this appeal.
 {¶ 2} On December 24, 2004, Trooper Scott Buxton of the Ohio State Highway Patrol stopped appellant for driving eighty-two miles per hour in a sixty-five miles per hour speed zone. The dispatcher informed Trooper Buxton that there was a misdemeanor warrant for the owner of the vehicle. With this knowledge, Trooper Buxton approached appellant's vehicle and asked him if he was the registered owner. Appellant responded that he owned the vehicle. Trooper Buxton asked appellant to exit the vehicle. Upon doing so, Trooper Buxton handcuffed appellant.
 {¶ 3} Trooper Buxton began a pat-down search of appellant's person incident to arrest. While conducting the pat-down search, Trooper Buxton felt something in appellant's pocket that he suspected, based upon his experience in law enforcement, to be a "dug out." A "dug out" is a small box used to contain marijuana and a pipe. Trooper Buxton removed the item from appellant's pocket and verified that it was in fact a dug out. Shortly after discovering the dug out, the dispatcher informed Trooper Buxton that the warrant was out of his pick up radius. Trooper Buxton told the dispatcher that he would have possession of marijuana and paraphernalia charges, as well as speeding charges against appellant.
 {¶ 4} Thereafter, Trooper Buxton placed appellant in his cruiser and began searching appellant's vehicle for marijuana or other paraphernalia based upon the discovery of the dug out. On the floor of appellant's vehicle, in plain view, Trooper Buxton found baggies containing cocaine. Upon completion of the search of appellant's vehicle, Trooper Buxton transported appellant to the highway patrol post. Trooper Buxton read appellant his Miranda rights and appellant signed a waiver of those rights. However, Trooper Buxton did not question appellant and appellant did not request an attorney. Subsequently, appellant was transported to the Guernsey County Jail. The following morning, Trooper Buxton arrived at the jail to question appellant about the incident. Appellant signed a waiver of his constitutional rights and made a statement.
 {¶ 5} On January 25, 2005, the Guernsey County Grand Jury indicted appellant on one count of possession of cocaine, a second degree felony. On June 6, 2005, appellant filed a motion to suppress the evidence seized from his vehicle and all statements he made to Trooper Buxton on December 25, 2004. The trial court conducted a hearing on appellant's motion on July 1, 2005. The trial court filed a judgment entry on July 12, 2005, denying appellant's motion. On October 5, 2005, appellant withdrew his previous plea of not guilty and entered a plea of no contest. The trial court sentenced appellant to three years in prison on November 18, 2005.
 {¶ 6} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 7} "I. THE TRIAL COURT ERRED IN FINDING THAT THE TROOPER WHO PULLED THE DEFENDANT OVER HAD A REASON TO DO A TERRY PAT DOWN OF THE DEFENDANT AS THE ORIGINAL STOP WAS MERELY FOR A SPEED VIOLATION, AND THE DEFENDANT OFFERED THE TROOPER PROOF THAT HE HAD NO CURRENT WARRANT.
 {¶ 8} "II. THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT VOLUNTARILY WAIVED HIS MIRANDA RIGHTS TO HAVE AN ATTORNEY PRESENT AT HIS SECOND INTERROGATION ON DECEMBER 25, 2005 (SIC), AND IN FINDING THAT THE TROOPER WHO DID THE INTERROGATION PROPERLY INITIATED THE INTERROGATION ON DECEMBER 25, 2005 (SIC)."
 I {¶ 9} In his First Assignment of Error, appellant maintains the trial court erred when it concluded that Trooper Buxton had reason to do a Terry pat-down search because he was merely stopped for speeding and he offered Trooper Buxton proof that there was not a current warrant for his arrest. We disagree.
 {¶ 10} On appeal, there are three methods of challenging a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; Statev. Klein (1991), 73 Ohio App.3d 486; State v. Guysinger
(1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v.Williams (1993), 86 Ohio App.3d 37.
 {¶ 11} Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623.
 {¶ 12} In the case sub judice, appellant argues the trial court incorrectly decided the ultimate issues raised in the motion to suppress. Accordingly, we will address this argument under a de novo standard of review. At the suppression hearing, appellant testified that he had "bonded out of Franklin County jail" on December 23, 2004, that he had a piece of paper indicating such, and that he was to present this document to law enforcement if he was stopped for the misdemeanor warrant. Tr. Suppression Hrng., July 1, 2005, at 28. Appellant testified that he attempted to show this document to Trooper Buxton and that Trooper Buxton refused to look at it. Id. at 29.
 {¶ 13} Appellant argues on appeal that had Trooper Buxton accepted the document regarding the warrant, the stop simply would have been for a traffic violation, which would not have necessitated a pat-down search. Appellant further concludes that absent the pat-down search, Trooper Buxton would not have found the dug out and would not have taken him into custody and searched his vehicle.
 {¶ 14} The Second District Court of Appeals addressed a factually similar argument in State v. Banks (May 25, 1994), Montgomery App. No. 14201. In the Banks case, a warrant for the defendant's arrest had previously been issued on May 23, 1993, for the defendant's failure to appear at a scheduled arraignment on the charge of carrying a concealed weapon. Id. at 1. Five days later, the defendant appeared before the trial court and entered a plea of guilty to the charge. Id. The trial court judge signed an entry indicating that the warrant previously issued was to be recalled and withdrawn. Id. However, because of the holiday, the judgment entry signed by the judge was not recorded with the clerk of court's office until June 1, 1993. Id.
 {¶ 15} On June 6, 1993, the defendant was questioned at a local hospital concerning a shooting. Id. The officer checked the identification of the defendant through the computer and found that a warrant for the defendant's failure to appear was still active. Id. The defendant was arrested and transported to the jail. Id. A search of the defendant, at the jail as part of the booking process, revealed crack cocaine upon his person. Id. The defendant was thereafter charged with aggravated trafficking in drugs. Id. Appellant sought to suppress the cocaine on the basis that there was not a valid warrant for his arrest.
 {¶ 16} In affirming the trial court's decision denying the defendant's motion to suppress, the Second District Court of Appeals explained as follows:
 {¶ 17} "The Court finds that the officer, in good faith, relied upon the information transmitted to him that there was an outstanding warrant for the defendant's arrest. The reliance was justified. This Court relies on the cases of United States v.Leon (1984), 468 U.S. 897 and Massachusetts v. Sheppard
(1984), 468 U.S. 981, to overrule the motion to suppress. The rule announced in both Leon and Sheppard is two-fold: first the Court must determine the deterrent value of excluding evidence toward the achievement of Fourth Amendment aims and secondly, the Court must weigh the social costs of exclusion.
 {¶ 18} "In applying this test, the Court cannot find any deterrent value when the officer in this case acted on information which was believed to be correct and information which is relied upon daily by police officers. There was no reason to believe that the warrant, signed by a judge only nine days before the date of arrest, was not valid. Indeed, the officer would have good reason to believe that it was, in fact, a good warrant upon which he could rely. There is no willful act or misconduct on behalf of the officer. Because the officer's reliance was totally justified under the circumstances, the arrest of the defendant and subsequent search is outweighed by the social costs involved of excluding tangible, reliable evidence.
 {¶ 19} "The `good faith' exception to the exclusionary rule requires this Court to overrule the motion to suppress." Id. at 2.
 {¶ 20} In the matter currently before the court, appellant first challenges the pat-down search of his person on the basis that it was inappropriate because he was merely stopped for speeding. However, as noted above, prior to exiting his cruiser, dispatch informed Trooper Buxton that the registered owner of the vehicle had an outstanding warrant. Once appellant indicated to Trooper Buxton that he owned the vehicle, Trooper Buxton made the decision to place appellant under arrest and conduct a pat-down search incident to arrest. It was only after Trooper Buxton discovered the dug out that he learned he was outside of the pick up radius for the warrant.
 {¶ 21} Similarly, as in Banks, Trooper Buxton, in good faith, relied upon information transmitted to him by dispatch. We find this reliance was justified despite the fact that dispatch subsequently informed Trooper Buxton that the warrant was outside his pick up radius. We reach this conclusion based upon the law set forth in both Leon and Sheppard.
 {¶ 22} We also conclude there is no deterrent value in granting the motion to suppress because Trooper Buxton merely relied upon information which he believed to be correct and information which is relied upon daily by police officers. Because of the existence of the arrest warrant, Trooper Buxton justifiably believed that he had the authority to arrest appellant and conduct a pat-down search incident to that arrest. Further, we find no misconduct on the part of Trooper Buxton in acting upon that belief. Because Trooper Buxton's reliance was justified under the circumstances, the arrest of appellant and subsequent pat-down search is outweighed by the social costs involved in excluding tangible, reliable evidence.
 {¶ 23} Appellant next argues that he attempted to prove to Trooper Buxton that there was not a valid warrant for his arrest. However, at the suppression hearing, Trooper Buxton testified that appellant never informed him that he had a bond release from Franklin County. Tr. Suppression Hrng., July 1, 2005, at 24, 52. At a suppression hearing, the evaluation of evidence and the credibility of witnesses are issues for the trier of fact since it is in the best position to resolve those issues. State v.Mills (1992), 62 Ohio St.3d 357, 366. We are bound to accept the trial court's factual determinations made during the suppression hearing so long as they are supported by competent, credible evidence. State v. Harris (1994), 98 Ohio App.3d 543, 546.
 {¶ 24} In the case sub judice, the trial court found Trooper Buxton's testimony credible that appellant did not attempt to prove that he had a bond release from Franklin County. The trial court was in the best position to judge the credibility of appellant's and Trooper Buxton's testimony. The trial court's decision to find Trooper Buxton's testimony credible is supported by testimony presented at the suppression hearing.
 {¶ 25} Accordingly, the fact that unbeknownst to Trooper Buxton, he did not have the authority to pick up appellant for the outstanding warrant does not require suppression of the evidence. Trooper Buxton acted upon the good faith belief that he had such authority when he made the decision to arrest appellant and conduct the pat-down search. The trial court properly denied appellant's motion to suppress.
 {¶ 26} Appellant's First Assignment of Error is overruled.
 II {¶ 27} Appellant contends, in his Second Assignment of Error, the trial court erred when it determined that Trooper Buxton properly initiated the interrogation on December 25, 2004, and appellant voluntarily waived his Miranda rights to have an attorney present at this interrogation. We disagree.
 {¶ 28} It is constitutionally fundamental that criminal defendants have a right to an attorney, and the right to have an attorney present during questioning. In support of this assignment of error, appellant cites Edwards v. Arizona (1981),451 U.S. 477 and State v. Knuckles, 65 Ohio St.3d 494,1992-Ohio-64. In the Edwards decision, the United States Supreme Court held that, when a defendant invokes his or her right to counsel, police must cease interrogation until counsel is present. Id. at 484-485.
 {¶ 29} In the Knuckles case, the Ohio Supreme Court also addressed the right to counsel and found that, "[o]once an accused invokes his right to counsel, all further custodial interrogation must cease and may not be resumed in the absence of counsel unless the accused thereafter effects a valid waiver or himself renews communication with the police. Knuckles at paragraph one of the syllabus.
 {¶ 30} Appellant argues that in violation of Edwards andKnuckles, Trooper Buxton initiated the interrogation on December 25, 2004, after appellant requested to speak to an attorney the prior evening. Appellant also testified, at the suppression hearing, that Trooper Buxton "* * * kept threatening me, telling me go back to the hole, you'll sit in the hole and rot in the hole and this and that and just scared me and then told me that he would talk to the Prosecutor * * * and help me out if I help him out." Tr. Suppression Hrng., July 1, 2005, at 38-39.
 {¶ 31} Trooper Buxton's testimony contradicts appellant's testimony. Trooper Buxton testified that appellant never requested an attorney on the evening of December 24, 2004. Id. at 51, 52. Further, appellant signed a waiver form on December 25, 2004, and agreed to make a statement to Trooper Buxton. Id. at 22. Trooper Buxton denied ever threatening appellant or making any promises. Id. at 54. However, Trooper Buxton did inform appellant that he would talk to the prosecutor about getting his bond lowered. Id. at 54. Finally, Trooper Buxton stated that appellant was afraid of the people from whom he had received the drugs. Id. at 53.
 {¶ 32} In its Findings of Fact and Conclusions of Law, the trial court specifically found that, "* * * based upon the credibility of the witnesses that the Defendant's testimony is not worthy of belief as there is no evidence before the Court that the Defendant's will was overcome by coercion or that he asked for an attorney and was further questioned by law enforcement." Findings of Fact and Conclusions of Law, July 12, 2005, at 4, ¶ 1.
 {¶ 33} Even if we were to determine that the trial court erred in making this finding, the record establishes that appellant signed a waiver on December 25, 2004. Under theKnuckles decision, a custodial interrogation may continue, once an accused invokes his right to counsel, if the accused signs a valid waiver or renews communication with the police. In the case sub judice, appellant signed a valid waiver on December 25, 2004. Therefore, even if we were to find that he requested an attorney on the prior evening, under Knuckles, Trooper Buxton properly continued his questioning of appellant once appellant signed a valid waiver the following day.
 {¶ 34} Appellant's Second Assignment of Error is overruled.
 {¶ 35} For the foregoing reasons, the judgment of the Court of Common Pleas, Guernsey County, Ohio, is hereby affirmed.
Wise, P.J. Gwin, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed.
Costs assessed to Appellant.