[Cite as *State v. Wallace*, 2012-Ohio-2287.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25511 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LACY D. WALLACE, III | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 10 03 0852 |

DECISION AND JOURNAL ENTRY

Dated: May 23, 2012

CARR, Presiding Judge.

{¶1}   Appellant, Lacy Wallace, appeals his conviction by the Summit County Court of Common Pleas.  We affirm.

I.

{¶2}   Rodney Kelley was robbed at gunpoint near the mailbox outside his apartment building.  He recognized his assailant from the neighborhood, but did not know his name.  After the robbery, Kelley called the police and went to the nearby Dairy Mart to ask whether a person matching the description he provided had been there.  The owner produced the security video with the person's image.  After Kelley identified Wallace from a photo array, Wallace was arrested and charged with aggravated robbery in violation of R.C. 2911.01(A)(1), accompanied by a firearm specification, and with robbery in violation of R.C. 2911.02(A)(3).  A jury found Wallace guilty as charged in the indictment.  The trial court merged his convictions for robbery

and aggravated robbery for purposes of sentencing and sentenced him to seven years in prison. Wallace appealed.

## II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ADMITTING HEARSAY STATEMENTS FOR PURPOSES OF IDENTIFYING MR. WALLACE.

{¶3} Wallace's first assignment of error is that the trial court erred by admitting out-of-court statements made to the victim and to police that identified him by name. Wallace objected to the statements during the victim's testimony, but not during the testimony of the police officer. Therefore, with respect to the testimony of the investigating officer, Wallace argues that the admission of these statements is plain error. Because there was no error, we disagree on both points. *See generally State v. Hill*, 92 Ohio St.3d 191, 200 (2001) (noting that "error * * * [is] the starting point for a plain-error inquiry.").

{¶4} Evid.R. 801(C) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." As a general rule, hearsay is not admissible. Evid.R. 802. The hearsay rule does not apply, however, when an out-of-court statement is offered for a purpose other than the truth of the matter of asserted. *State v. Lewis*, 22 Ohio St.2d 125, 132 (1970). One such situation is when an out-of-court statement is introduced to explain the subsequent actions taken by witnesses, including the subsequent investigative activity of law enforcement officers. *State v. Thomas*, 61 Ohio St.2d 223, 232 (1980). *See also State v. Parker*, 2d Dist. No. 18926, 2002-Ohio-3920, ¶ 50 (explaining that an out-of-court statement that identified the defendant by a nickname was not offered for its truth, "but to show the steps taken by the police to ultimately determine" the identity of the perpetrator, including assembly of a photo array.)

{¶5} In this case, both the victim and Officer Michael Murphy testified that an acquaintance of Kelley's gave them Wallace's name. Kelley testified that he had a clear view of the robber's face, that he recognized him from the neighborhood, but had never spoken with him and did not know his name, and that he knew the robber to be acquainted with a friend. He testified that because of that, he contacted his friend immediately after the robbery and asked, "[w]ho the dude you was talking to a few days ago outside, got the glasses[?] * * * The corny looking dude." According to Kelley's testimony, he then called the police and went with his friend to the nearby Dairy Mart, where he identified Wallace's picture from surveillance video. Officer Murphy testified that he responded to the Dairy Mart, where he requested the surveillance video and obtained Wallace's name from Kelley's acquaintance. Officer Murphy passed the information from his investigation on to Detective Robert Richardson, who used it to compile a photo array.

{¶6} In each instance, the out-of-court statement was not offered to prove that Lacy Wallace was the robber's name, but to explain the witness's later actions. The out-of-court statements were not hearsay, and, therefore, the trial court did not err by admitting them. Wallace's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN ADMITTING STATEMENTS MADE BY MR. WALLACE POST-ARREST AFTER INVOKING HIS RIGHT TO AN ATTORNEY.

{¶7} Wallace's second assignment of error is that the trial court committed plain error by allowing a witness to testify about his post-Miranda silence and about statements that he made after he asked for an attorney. This evidence was admitted in two ways: first, through the testimony of Detective Richardson, who conducted Wallace's interview, and second, through the

admission of an audio recording of the interview. As Wallace acknowledges, he did not object to Detective Richardson's testimony. To the contrary, defense counsel cross-examined Detective Richardson about the interview, asked to withdraw his objection to the audio recording, and moved to admit the audio recording after Detective Richardson testified.

{¶8} "It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State v. Childs*, 14 Ohio St.2d 56, 61 (1968), citing *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus. Courts may recognize plain error that affects a substantial right when necessary to prevent a manifest miscarriage of justice. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, at ¶15-16.

{¶9} Although Wallace has argued in terms of post-Miranda silence, the trial transcript and audio recording of the interview indicate that it is not post-Miranda silence that is Wallace's concern, but the trial court's admission of statements that he made when he engaged Detective Richardson in conversation after invoking his right to counsel. "Once an accused invokes his right to counsel, all further custodial interrogation must cease and may not be resumed in the absence of counsel unless the accused thereafter effects a valid waiver or himself renews communication with the police." *State v. Knuckles*, 65 Ohio St.3d 494 (1992), paragraph one of the syllabus. Thus, when a suspect invokes the right to counsel, police must cease from "any words or actions * * * (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response[.]" *Id.* at 496, quoting *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980). When a suspect makes statements after invoking the right to counsel, the focus of this inquiry is on whether the suspect has been

compelled to speak or has spoken of his own volition. *See State v. Marrero*, 9th Dist. No. 10CA009867, 2011-Ohio-3745, ¶ 14.

**{¶10}** There is no dispute that Wallace invoked his right to counsel almost immediately. Once Detective Richardson finished informing Wallace of his *Miranda* rights, however, Wallace started asking questions of him and some further dialogue occurred until Wallace asked for an attorney again and the interview ended. The trial court, therefore, did not err in permitting Detective Richardson's testimony and, in the absence of error, this Court has no plain error to recognize. *See Hill*, 92 Ohio St.3d at 200. With respect to the recorded interview, we reach the same conclusion, but also note that "a defendant may not 'take advantage of an error that he himself invited or induced.'" *State v. Rohrbaugh*, 126 Ohio St.3d 421, 2010-Ohio-3286, ¶ 10, quoting *State ex rel. Kline v. Carroll*, 96 Ohio St.3d 404, 2002-Ohio-4849, ¶ 27. Wallace's second assignment of error is overruled.

### III.

**{¶11}** Wallace's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

─────

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

DICKINSON, J.
CONCURS

BELFANCE, J.
CONCURS IN JUDGMENT ONLY

APPEARANCES:

DAVID M. WATSON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.