DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Paul A. Hayes, appeals the Medina Municipal Court's decision denying his motion to suppress the evidence of his breath test. We affirm the decision of the lower court.
 {¶ 2} On October 10, 2003, Sergeant Aaron Lundquist stopped Defendant while Defendant had been driving. Sgt. Lundquist suspected Defendant of driving under the influence of alcohol and administered field sobriety tests. Defendant was thereafter placed under arrest and taken to the Spencer Village police department. At the police station, Defendant was given two breath tests. The result of the first test was invalid; the second test showed a blood alcohol content of .129, which is above the legal limit. Defendant was charged with violating R.C. 4511.19(A)(3).
 {¶ 3} On October 30, 2003, Defendant filed a motion to suppress the results of the breath test, arguing that the officer administering the breath test did not wait the requisite twenty minutes between the first breath test which yielded an invalid result and the second test. A hearing was conducted on Defendant's motion on December 29, 2003. The lower court denied Defendant's motion to suppress on August 10, 2004, and Defendant entered a no-contest plea to operating a motor vehicle with a prohibited level of alcohol.
 {¶ 4} Defendant now appeals, raising two assignments of error for our review. For ease of discussion, we will consider both assignments of error together.
 ASSIGNMENT OF ERROR I
"The trial court erred in denying [Defendant's] motion to suppress the breath test evidence when the State did not show that it substantially complied with the twenty minute observation period."
 ASSIGNMENT OF ERROR II
"The trial court erred in denying [Defendant's] motion to suppress the breath test evidence when the state failed to initiate a new twenty minute observation period following an invalid breath test sample."
 {¶ 5} In his two assignments of error, Defendant argues that the lower court erred in denying his motion to suppress the results of his breath test. Defendant maintains that the State did not show that it complied with the required twenty-minute observation period before giving him his first breath test, and thereafter failed to comply with the requirement that he be observed for another twenty minutes between his first breath test which yielded an invalid result and his second breath test. In light of the above, Defendant asks this court to reverse the trial court's denial of his motion to suppress the evidence of his breath test. We decline to do so.
 {¶ 6} A trial court makes both factual and legal findings when ruling on a motion to suppress. State v. Jones, 9th Dist. No. 20810, 2002-Ohio-1109, at ¶ 9. An appellate court is to accept the trial court's findings of fact that are supported by competent, credible evidence, as the trial court is in the best position to evaluate questions of fact, credibility, and weight of the evidence. State v. Miller (May 23, 2001), 9th Dist. No. 20227, at 5. However, an appellate court reviews a trial court's legal conclusions on a motion to suppress evidence de novo.State v. Nazarian, 9th Dist. No. 04CA0017-M, 2004-Ohio-5448, at ¶ 8. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. State v. Amore, 9th Dist. No. 03CA008281, 2004-Ohio-958, at ¶ 6.
 {¶ 7} At issue in the case at hand is whether the results of Defendant's breath test should have been suppressed. R.C.4511.19(D) provides that a defendant's breath "shall be analyzed in accordance with methods approved by the director of health by an individual possessing a valid permit issued by the director of health pursuant to [R.C. 3701.143]." R.C. 3701.143 requires the director of health to set forth the techniques and/or methods to analyze a person's breath to ascertain the presence and amount of alcohol in that person's system.
 {¶ 8} Ohio Admin. Code 3701-53-02 lists the Intoxilyzer model 5000 (the apparatus used in the instant case) as an approved instrument for "determining whether a person's breath contains a [prohibited] concentration of alcohol[.]" It further directs that:
"Breath samples of deep lung (alveolar) air shall be analyzed for purposes of determining whether a person has a prohibited breath alcohol concentration with instruments approved under paragraphs (A) and (B) of this rule. Breath samples shall be analyzed according to the operational checklist for the instrument being used and checklist forms recording the results of subject tests shall be retained in accordance with paragraph (A) of rule 3701-53-01 of the Administrative Code. The results shall be recorded on forms prescribed by the director of health."
 {¶ 9} If a defendant challenges the admissibility of alcohol test results, the State must show that the challenged test was "administered in substantial compliance with the regulations prescribed by the Department of Health." State v. Burnside
(2003), 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 24. The first item on the observational checklist for the Intoxilyer 5000 provides: "Observe subject for twenty minutes prior to testing to prevent oral intake of any material."
 {¶ 10} Sergeant Lundquist testified at the suppression hearing that he had stopped Defendant at 9:21 p.m., and from that time until the first breath test was administered at 10:05 p.m., Defendant "did not ingest anything." At the police station, there was a period of time when Sergeant Lundquist was filling out paperwork. At that time, according to Sergeant Lundquist's testimony, Defendant was seated next to Sergeant Lundquist, facing him. While the paperwork was being filled out, a second officer was also in the room, observing Defendant. Defendant maintains that the observational requirement was not complied with by Sergeant Lundquist because there was a time when he was doing paperwork and not personally observing him. We disagree.
 {¶ 11} In Bolivar v. Dick (1996), 76 Ohio St.3d 216, the Supreme Court was faced with a similar situation. In that case, the arresting officer observed the defendant for thirty minutes prior to arriving at the police station. Upon arrival, a second officer observed the defendant for sixteen minutes prior to administering the breath test. Overruling defendant's argument that she had not been continuously observed for twenty minutes prior to the administration of the breath test by the officer giving the test, the Supreme Court held that "when two or more officers * * * observe a defendant continuously for twenty minutes or more prior to the administration of a breath-alcohol test, the twenty-minute observation requirement * * * has been satisfied." Id. at 218. The court noted that "[i]t is clear that the focus of this item (the observation requirement) is `to prevent oral intake of any material' and not to ensure that a certified operator does the observing." Id., see, also, State v.Steele (1977), 52 Ohio St.2d 187.
 {¶ 12} In the case at hand, Defendant had been observed by a police officer continuously for over twenty minutes before he was given the breath test. As the Bolivar Court held, it is not necessary for a single officer to observe a defendant continuously for twenty minutes prior to administering a breath test to be in substantial compliance with the observation requirement. Defendant had been stopped at 9:21 and was taken into custody at the latest by 9:45. From that time until the breath tests had been completed, Defendant was under constant observation by a police officer and Sergeant Lundquist testified that Defendant had not orally ingested anything during that time.
 {¶ 13} A witness who testifies to the foundational fact that the defendant did not ingest anything during the twenty-minute period prior to the administration of the breath test,
"is not is not required to show that the subject was constantly in his gaze, but only that during the relevant period the subject was kept in such a location or condition or under such circumstances that one may reasonably infer that his ingestion of any material without the knowledge of the witness is unlikely or improbable." State v. Adams (1992), 73 Ohio App.3d 735, 740.
To overcome the inference that the defendant did not actually ingest anything during the observation period, the defendant must show that he "did, in fact, ingest some material during the twenty-minute period." Id. In the instant case, Defendant has not shown that he ingested anything from the time he was initially stopped until the breath tests were administered.
 {¶ 14} As Defendant had been constantly observed for over twenty minutes before he was given a breath test by a police officer, and he had not ingested anything in that time period, we find that the twenty-minute observation requirement was substantially complied with. As such, we overrule Defendant's first assignment of error.
 {¶ 15} Defendant next argues that the results of his second breath test should have been suppressed as twenty minutes had not passed between the administration of the first, invalid, test and the second test. In support of his argument, Defendant points to a December 14, 1998, memorandum from the Ohio Department of Health's Bureau of Alcohol and Drug Testing, which states, in pertinent part:
"Effective immediately an `invalid sample' indication on the BAC Verifier or BAC Datamaster is to be handled by initiating a new 20 minute observation period. The reason for this change is due to the fact that `invalid sample' may be caused by different things. The operator will no longer have to decide exactly what may have caused the `invalid sample,' the remedy will always be a new observation period." City of Rocky River v. Papandreas
(Mar. 23, 2000), 8th Dist. No. 76132, at 6, Karpinski, Dissenting.
 {¶ 16} As the State points out, the above memorandum deals with the BAC Verifier and the BAC DataMaster, not the apparatus that was used in the instant case, the Intoxilyzer 5000. Further, the memorandum does not rise to the level of a regulation. "[A] directive from a memorandum does not rise to the level of an administrative regulation, and is not enforceable." State v.Gigliotti (Dec. 22, 2000), 6th Dist. No. E-99-081, at 6. See, also, State v. Reiger, 5th Dist. No. 02CA30, 2002-Ohio-6673 at ¶ 13.
 {¶ 17} In State v. Bosier (July 24, 2000), 12th Dist. No. CA99-11-036, at 2, Craig Sutheimer, the chief of the Bureau of Alcohol and Drug testing, testified that there was "no rule in place which requires officers to wait an additional twenty minutes before conducting a second test" after the first test yielded invalid results. He stated that "the reason for the memo was to avoid the numerous requests for testimony in court about the possibility of an `INVALID SAMPLE' being the result of mouth alcohol." Id.
 {¶ 18} Thus, in the case at hand, we hold that there was substantial compliance with the regulations that were actually in place, making the results of Defendant's second breath test admissible. As we found above, Defendant had been observed for more than twenty minutes prior to the administration of the first breath alcohol test, and in that time period, Defendant had not orally ingested anything. Sergeant Lundquist testified that between the first and the second breath test, which was administered at 10:09, he continued to observe Defendant, and noted that from the time between the initial stop and the time that the second breath test was administered, Defendant did not ingest anything orally.
 {¶ 19} The purpose of the observation rule is to provide evidence that during the twenty minutes prior to the test, the defendant did not ingest some material that would produce an inaccurate test result. In re Eric W. (1996),113 Ohio App.3d 367, at 372. There is no evidence that the results of the first breath test were invalid due to the presence of mouth alcohol; Defendant does not even allege that to be the case. As the purpose of the memorandum requiring a second twenty minute waiting period before administering a second breath test is to "avoid the numerous requests for testimony in court about the possibility of an `INVALID SAMPLE' being the result of mouth alcohol[,]" Bosier, supra, and Defendant does not even raise the possibility that the invalid results of the first breath test were due to the presence of mouth alcohol, we find that Defendant was not prejudiced by the lack of a second twenty minute waiting period. Accordingly, we overrule Defendant's second assignment of error.
 {¶ 20} Defendant's two assignments of error are overruled and the decision of the Medina Municipal Court denying Defendant's motion to suppress evidence is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J., Moore, J., concur.