{¶ 1} Defendant-appellant, Antoine Beavers ("Beavers"), appeals the trial court's denial of his motion to suppress evidence. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2005, Euclid police executed a search warrant at a home on Stephan Avenue. The search warrant included the home and vehicle of suspected drug dealer Josh Marunowski. When the officers executed the search warrant, they found Beavers inside the home asleep in bed with Josh's sister, Amanda. Josh's mother and another woman, Vanessa Maxfield, were also in the home. The police discovered marijuana and drug paraphernalia in the house and found marijuana under the bed in which Beavers was sleeping. All of the occupants of the house were arrested.
 {¶ 3} Police found Beavers' car parked illegally in front of the house. Officers used a flashlight to look inside the car and observed marijuana and marijuana *Page 3 
cigarettes on the middle console. The Euclid drug-sniffing dog, "Boss," was present and "alerted" on the car. Police then used Beavers' keys to gain access to search the car. The officers found ammunition in the glove compartment and a handgun in the trunk.
 {¶ 4} Beavers was charged in Cuyahoga County Common Pleas Court for having a weapon while under disability. He filed a motion to suppress, and after a full hearing, the court denied his motion. He pled no contest to the indictment and was sentenced to one year of community control sanctions.
 {¶ 5} Beavers appeals the trial court's denial of his motion, raising two assignments of error. In the first assignment of error, he argues that the trial court erred in denying his motion to suppress. In the second assignment of error, he argues that his arrest and subsequent search of his car were illegal because he had committed only a minor misdemeanor.
 {¶ 6} In reviewing a trial court's ruling on a motion to suppress, a reviewing court must keep in mind that weighing the evidence and determining the credibility of witnesses are functions for the trier of fact. State v. DePew (1988), 38 Ohio St.3d 275, 277, 528 N.E.2d 542;State v. Fanning (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. See, State v. Curry (1994),95 Ohio App.3d 93, 96, 641 N.E.2d 1172, citing, State v. Schiebel (1990),55 Ohio St.3d 71, 564 N.E.2d 54. A reviewing court, however, must decide de novo whether, as a matter of law, the *Page 4 
facts meet the appropriate legal standard. Id., see, also, State v.Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906.
 {¶ 7} Beavers raises several arguments to support his position that the police did not have the proper authority to conduct a warrantless search of his car. First, he argues that, even though he did not own the house, he has standing to challenge the search of Marunowski's house. He further contends that the facts alleged in the search warrant affidavit do not give rise to probable cause to justify the search. Beavers argues, in the alternative, that if the officers had probable cause to search the house, that probable cause did not extend to a search of his car. Thus, he claims the search was illegal, and any evidence obtained from a search of the home or statements he made should have been excluded. Finally, Beavers argues that his initial arrest for possession of marijuana was illegal because he was being charged with only a minor misdemeanor. Because his arrest was illegal, he contends the officers had no reason to tow or search his car.
 {¶ 8} Although Beavers challenges the legality of both the initial search of the home in which he was staying and his arrest, his appeal involves only his conviction for having a weapon while under disability. Thus, we will consider only the search of his car where the weapon was found. In doing so, we find that the police had several legitimate reasons to justify their search of Beavers' car.
 {¶ 9} It is well established that an incriminating object that comes into plain view during a lawful intrusion may be seized without a warrant. The plain view *Page 5 
exception to the Fourth Amendment warrant requirement permits a law enforcement officer to seize what is clearly incriminating evidence or contraband when it is discovered in a place where the officer has a right to be. Coolidge v. New Hampshire (1971), 403 U.S. 443,91 S.Ct. 2022, 29 L.Ed. 2d 564; see, also, State v. Williams (1978),55 Ohio St.2d 82, 377 N.E.2d 1013, paragraph one of the syllabus. Thus, in order for the plain view doctrine to apply to permit a warrantless seizure, the officer must not only be in a place where he has a right to be, but he must also have the lawful right or access to the object in plain view. See Horton v. California (1990), 496 U.S. 128, 110 S.Ct. 2301,110 L.Ed. 2d 112; see, also, State v. Waddy (1992), 63 Ohio St.3d 424, 442,588 N.E.2d 819.
 {¶ 10} The Euclid detective explained that Beavers' car was parked illegally on a public street. The detective shone his flashlight in the car and saw marijuana and marijuana cigarettes in plain view on top of the console in Beavers' car. This alone gave the detective probable cause to seize the marijuana. The issue is whether the detective had probable cause to further search the trunk of the car. After a review of the record, we find three separate justifications for the search of Beavers' car. Each alone supports probable cause.
 {¶ 11} "A trunk and a passenger compartment of an automobile are subject to different standards of probable cause to conduct searches."State v. Farris, 109 Ohio St.3d 519, 2006-Ohio-3255, at ¶ 51,849 N.E.2d 985. Probable cause for an extended search of an automobile exists where, based on the totality of the *Page 6 
circumstances, there is a "fair probability that contraband or evidence of a crime will be found in a particular place." State v. Steen, Summit App. No. 21871, 2004-Ohio-2369, at ¶ 5, quoting Illinois v. Gates
(1983), 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527.
 {¶ 12} First, we find that the discovery of contraband in plain view gave the police probable cause to search the rest of the car, including the trunk. The Ohio Supreme Court has found that the smell of marijuana in and of itself does not justify an extended search to the trunk of a car. Farris, supra at ¶ 50. In Farris, the Court found that there were no factors justifying a search of the defendant's automobile beyond the passenger compartment when the police detected an odor of marijuana. The Court noted that the police found no other contraband within the passenger compartment. Id. In the instant case, however, the detective observed marijuana in plain view in the passenger compartment. Once the officer found contraband, he had probable cause to search the trunk.State v. Greenwood, Montgomery App. No. 19820, 2004-Ohio-2737
(observation of marijuana on the passenger seat and floorboard gave officer probable cause to believe that the vehicle contained contraband; thus, officer was entitled to search the entire vehicle, including the trunk and its contents); see also State v. Cannon (July 19, 1993), Washington App. No. 92CA32, citing United States v. Ross (1982),456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572, and Katz, Ohio Arrest, Search and Seizure (3 Ed.1992) 198, T 12.02; United States v. Loucks (10th Cir. 1986), 806 F.2d 208, 209-211. *Page 7 
 {¶ 13} Second, the police drug dog alerted to the presence of drugs in the car. Law enforcement officers may utilize a drug dog to sniff the vehicle for drugs, and such a procedure does not constitute a search under the Fourth Amendment or the Ohio Constitution. United States v.Place (1983), 462 U.S. 696, 707, 103 S. Ct. 2637, 77 L.Ed.2d 110;State v. Lopez 166 Ohio App.3d 337, 2006-Ohio-2091, 850 N.E.2d 781, at ¶ 21. Once a drug dog indicates an odor of drugs in a lawfully detained vehicle, officers have probable cause to search the vehicle. State v.Nguyen, 157 Ohio App.3d 482, 2004-Ohio-2879, 811 N.E.2d 1180, at ¶ 22; see also State v. Davis, Cuyahoga App. No. 87964, 2007-Ohio-408;State v. Keller (Jan. 14, 2000), Montgomery App. No. 17896
 {¶ 14} We find that the dog's alert gave the officers probable cause to search Beavers' entire car. Although the dog did not specifically alert to the trunk of the car, Beavers neither cites authority that would limit the extent of the search to the specific area of the alert, nor does he challenge the legality of the dog sniff. Third, the detective testified that he made the initial decision to tow Beavers' car because there were drugs in the car, Beavers had been arrested, and the car was parked illegally. The detective further testified that once the decision was made to tow the car, the car was searched pursuant to the Euclid police policy for impounding vehicles.
 {¶ 15} An inventory search of a lawfully impounded vehicle is a well-defined exception to the warrant requirement of theFourth Amendment to the United States Constitution. Colorado v. Bertine (1987),479 U.S. 367, 371, 107 S.Ct. 738, *Page 8 93 L.Ed. 2d 739; South Dakota v. Opperman (1976), 428 U.S. 364, 367,96 S.Ct. 3092, 49 L.Ed.2d 1000. This exception permits police to conduct a warrantless search of a vehicle for the purpose of inventorying its contents after the vehicle has been lawfully impounded. State v.Mesa, 87 Ohio St.3d 105, 108-109, 1999-Ohio-253, 717 N.E.2d 329. See, also, Opperman, supra. The scope of an automobile inventory search may properly extend to the trunk and glove compartment. State v.Jenkins (July 5, 1990), Cuyahoga App. Nos. 57220 and 57221.
 {¶ 16} In order for an inventory search to be constitutionally valid, it must be "reasonable"; that is, it must be conducted in good faith, not as a pretext for an investigative search, and in accordance with standard police procedures or established routine. State v.Hathman, 65 Ohio St.3d 403, 1992-Ohio-63, 604 N.E.2d 743, paragraph one of the syllabus, citing to Opperman, supra, and Bertine, supra.
 {¶ 17} Although Beavers does not specifically challenge the legality of the inventory search, we find the search was reasonable. The detective's testimony showed that the search was conducted pursuant to Euclid police standard procedures. Likewise, there was no evidence that the search was pretextual in nature.
 {¶ 18} We find that the police had probable cause to search the trunk of Beavers' car. We further conclude that, under the plain view doctrine, officers were entitled to seize Beavers' gun because the weapon was found in an area of the car that *Page 9 
could conceal drugs. See State v. Carrocce, Franklin App. No. 06AP-101,2006-Ohio-6376, ¶ 43. The trial court correctly denied the motion to suppress.
 {¶ 19} Therefore, the assignment of error is overruled.
 {¶ 20} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 FRANK D. CELEBREZZE, JR., A.J. and MARY EILEEN KILBANE, J. CONCUR. *Page 1