[Cite as *State v. Grimes*, 2011-Ohio-4406.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
## No. 94827

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EMMANUEL GRIMES

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-514165

**BEFORE:** Kilbane, A.J., Boyle, J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   September 1, 2011

**ATTORNEY FOR APPELLANT**

Matthew M. Nee
The Offices of Matthew M. Nee
1956 West 25th Street
Suite 302
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Brian S. Deckert
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶ 1} Defendant-appellant, Emmanuel Grimes, appeals from his conviction for drug trafficking. For the reasons set forth below, we affirm.

{¶ 2} Defendant was indicted in three separate cases in connection with offenses that were alleged to have occurred on July 1, 2008, July 5, 2008, and November 15, 2008. In the instant matter, Case No. CR-514165, defendant was indicted on two counts in connection with the July 1, 2008 traffic stop of his vehicle. In Count 1, defendant was charged with drug trafficking in violation of R.C. 2925.03(A)(2), for allegedly trafficking in less than 200 grams of marijuana, with a juvenile specification and a specification for the forfeiture of $70. In Count 2, defendant was charged with possession of criminal tools (to wit: money) with a forfeiture specification.

{¶ 3} In the second matter, defendant was indicted in Case No. CR-513302, for allegedly robbing his girlfriend, Dominique Sankey, of her vehicle at gunpoint, on July 5, 2008. In that matter, defendant was charged with one count of aggravated robbery and one count of robbery, both with one- and three-year firearm specifications, and specifications for the forfeiture of a handgun, grand theft of a motor vehicle with one- and three-year firearm specifications, having a weapon while under disability with a forfeiture specification, carrying a concealed weapon with a forfeiture specification, and improper handling of a firearm in a motor vehicle with a forfeiture specification.

{¶ 4} Thereafter, on January 29, 2009, defendant was indicted in Case No. CR-520047 for intimidation and telecommunications harassment for allegedly threatening Sankey with harm on November 15, 2008.

{¶ 5} Defendant waived his right to a jury trial as to the charge of having a weapon while under disability in Case No. CR-513302, and all three matters were set for trial on January 12, 2010. Due to the unavailability of defendant's trial counsel on that date, the cases were continued until January 13, 2010. At that time, the State orally moved to consolidate all three matters for a single trial, arguing that "[e]ach case * * * is the motivation for the case after it," that consolidation served the interests of judicial economy, and that the jury would not be lost or confused by the evidence. The defense objected to consolidation and asserted that the cases were unconnected and consolidation would prejudice the defendant. After hearing the matter, the court granted the State's oral motion to consolidate. Citing to the test announced in *State v. Nelms*, Franklin App. Nos. 06AP-1193 and 06AP-1194, 2007-Ohio-4664, the court concluded that the charges were part of "transactions connected together or constituting parts of a common scheme or plan," and that the evidence of each separate incident could be clearly understood by a jury.

{¶ 6} The State's evidence indicated that at approximately 8:25 p.m., on July 1, 2008, Cleveland Police Officer Joseph Hageman and his partner, Officer Brian Moore, were patrolling the area of East 185th Street and St. Clair Avenue in Cleveland, and observed defendant driving a vehicle with a damaged windshield. The police officers stopped defendant's car at the intersection of St. Clair and Nottingham Road. As they ran a computer check of the car's license plate number, Officer Moore observed defendant take something and give it to his female passenger who then leaned forward.

{¶ 7} Officer Hageman approached the vehicle on the passenger side of the car, while Officer Moore approached on the driver's side and advised defendant that he was being cited for operating an unsafe motor vehicle. At this time, Officer Hageman observed an unlit suspected marijuana cigar or "blunt" in the ashtray. Defendant was arrested for transporting drugs in a vehicle, and Officer Moore placed him in the zone car.

{¶ 8} Officer Hageman spoke with the passenger, who looked downward at the floor of the vehicle. He next observed a baggie containing smaller baggies of suspected marijuana on the floor. According to Officer Hageman, the packaging indicated that the individual bundles of marijuana were intended for resale, and each individual baggie had a street value of between five to ten dollars. Seventy dollars was recovered from defendant. No money was found on the passenger. Defendant's vehicle was towed from the scene. The State and the defense then stipulated that the individual baggies recovered from defendant's vehicle

contained marijuana, and that the combined weight of marijuana was less than 200 grams. Defendant's vehicle was subsequently towed.

{¶ 9} The State's evidence further indicated that in the late afternoon of July 5, 2008, defendant approached Sankey as she pulled her vehicle into the parking lot of her apartment. Defendant demanded her car, but Sankey refused. Defendant then pulled out a black gun and said that she had better give him the car, and Sankey then gave him the keys. Cleveland Police Officer James Zak later observed Sankey's Malibu parked behind a bank and defendant walking nearby. Officer Zak recovered Sankey's Disney key ring from defendant, but defendant did not have the keys and did not have a weapon. A loaded .40 caliber HiPoint handgun, an extra magazine, and a black neoprene cold weather mask were later recovered inside Sankey's vehicle. The handgun was later determined to be operable. Defendant also stipulated that he was convicted of felony offenses in two separate cases in 2003.

{¶ 10} The State then presented evidence that on November 15, 2008, while defendant was incarcerated, he called the home of Dominique Sankey and told her mother, Marie Johnson, that if Sankey testified against him, he would have someone harm her.

{¶ 11} Following the presentation of the State's case, the court acquitted defendant of the juvenile specification in Count 1, in the instant matter, and all of the remaining charges and specifications were submitted to the jury. With regard to the instant matter, defendant was subsequently convicted of drug trafficking and the forfeiture specification, and was acquitted

of the charge of possession of criminal tools. Defendant was also convicted of all charges in

Case No. CR-513302, which is the subject of *State v. Grimes*, Cuyahoga App. No. 94808, and

acquitted of the charges in Case No. CR-520047. On February 10, 2010, the trial court

sentenced defendant to 12 months of imprisonment in this matter, and ordered this sentence to

run concurrent to the sentence imposed in Case No. CR-513302. The court also imposed

postrelease control for up to three years. Defendant now appeals and assigns two errors for

our review.

{¶ 12} Defendant's first assignment of error states:

{¶ 13} **"The trial court erred by failing to separate [the] three cases."**

{¶ 14} Within this assignment of error, defendant asserts that the trial court committed

reversible error in permitting the State to join the offenses set forth in Case Nos. CR-513302,

CR-514165, and CR-520047 for trial.

{¶ 15} An appellate court reviews a trial court's decision on joinder for abuse of

discretion. *State v. Segines*, Cuyahoga App. No. 89915, 2008-Ohio-2041.

{¶ 16} Crim.R. 8(B) governs joinder of defendants and provides as follows:

**"(B) Joinder of defendants. Two or more defendants may be charged in the same indictment, information or complaint if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses, or in the same course of criminal conduct. Such defendants may be charged in one or more counts together or separately, and all of the defendants need not be charged in each count."**

{¶ 17} Similarly, Crim.R. 13 provides in pertinent part:

**"The court may order two or more indictments or informations or both to be tried together, if the offenses or the defendants could have been joined in a single indictment or information."**

{¶ 18} Pursuant to Crim.R. 8(A) and 13, two or more offenses can be tried together if two conditions are met: (1) the evidence is interlocking; and (2) the jury is capable of segregating the proof required for each offense. *State v. Czajka* (1995), 101 Ohio App.3d 564, 577–578, 656 N.E.2d 9. As the Ohio Supreme Court stated in *State v. Torres* (1981), 66 Ohio St.2d 340, 343, 421 N.E.2d 1288, "joinder and the avoidance of multiple trials is favored for many reasons, among which are conserving time and expense, diminishing the inconvenience to witnesses and minimizing the possibility of incongruous results in successive trials before different juries."

{¶ 19} To prevail on a claim that the trial court erroneously denied a motion for severance, a defendant has the burden of affirmatively demonstrating (1) that his rights were prejudiced, (2) that at the time of the motion to sever he provided the trial court with sufficient information so that it could weigh the considerations favoring joinder against the defendant's right to a fair trial, and (3) that given the information provided, the court abused its discretion in refusing to separate the charges for trial. *State v. Schaim*, 65 Ohio St.3d 51, 59, 1992-Ohio-31, 600 N.E.2d 661, citing *Torres* at syllabus.

{¶ 20} The claim of prejudice is negated when: (1) evidence of the other crimes would have been admissible as "other acts" evidence under Evid.R. 404(B), or (2) the evidence of

each crime joined at trial is simple and direct. *State v. Lott* (1990), 51 Ohio St.3d 160, 163, 555 N.E.2d 293.

{¶ 21} In this matter, the trial court considered the issue of consolidation of the charges in a hearing prior to trial. At this time, the State noted that the cases were interrelated, that the jury would not be confused by the evidence, and that consolidation would serve the interests of judicial economy. In opposition, the defense maintained that the drug case was unconnected to the other cases, and that consolidation would be prejudicial to defendant. The trial court then concluded that the requirements of Crim.R. 8 were met and stated as follows:

> "[O]ne case leads to another that leads to another, with common people involved here. It's not a case where there is multiple victims, multiple incidents where the names are becoming confusing or sequences were becoming confusing, and in the case of '*State versus Nelms,*' N-E-L-M-S, 2007 case, Ohio 4664, indicates that the evidence related to the two incidents were simple and direct so that the jury would not become confused by representing such evidence going to trial.
>
> I think * * * each incident could be clearly understood by a jury and the jury would not lose its way because of the joining of these offenses."

{¶ 22} We find no abuse of discretion. The State alleged that defendant participated in an interrelated series of related actions that began with his arrest on July 1, 2008. Then after his car was towed on that date, he was alleged to have committed the offenses set forth in Case No. CR-513302, four days later on July 5, 2008, which involved his girlfriend's vehicle, and the offense set forth in Case No. CR-520047, which involved his alleged attempts to avoid prosecution. Each case was part of the immediate background of the other cases and would

have therefore been admissible as "other acts" evidence under Evid.R. 404(B) for that reason. See *State v. Curry* (1975), 43 Ohio St.2d 66, 73, 330 N.E.2d 720 (providing that the other acts must be "inextricably related" to the alleged criminal act). Moreover, the evidence in each was simple and direct, and there is no indication from the record that the jury confused the evidence.

{¶ 23} The first assignment of error is without merit.

{¶ 24} Defendant's second assignment of error states:

{¶ 25} **"Mr. Grimes's trial counsel rendered ineffective assistance."**

{¶ 26} Within this assignment of error, defendant asserts that his trial counsel was ineffective for failing to file a motion to suppress the discovery of the marijuana cigarette. He claims it was not immediately apparent that the cigarette contained marijuana and was unlit so it did not emit the odor of marijuana. Therefore, this search, which later resulted in the discovery of the 27 baggies of marijuana in the passenger compartment, was premised upon mere suspicion and was unlawful.

{¶ 27} As an initial matter, we note that in order to establish a claim of ineffective assistance of trial counsel, it is clear that a defendant must make a two-part showing:

> **"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a**

defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland v. Washington* (1986), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. Accord *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus.

{¶ 28} The *Strickland* court also cautioned courts examining the issue that:

"Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland* at 689.

{¶ 29} An attorney is presumed to be competent. *State v. Smith* (1985), 17 Ohio St.3d 98, 100, 477 N.E.2d 1128. An appellant bears the burden of proving his claim of ineffective assistance of counsel. Id.

{¶ 30} With regard to the issue of whether counsel commits a prejudicial error in failing to file a motion to suppress evidence, we note that counsel does not perform ineffectively by failing to file futile motions and is not ineffective for failing to file a motion to suppress evidence when there is no reasonable probability that the motion would be granted. See *State v. Martin* (1983), 20 Ohio App.3d 172, 174, 485 N.E.2d 717. Thus, where there is no basis for the suppression of evidence, defense counsel has no duty to pursue a motion to suppress evidence. *State v. Gibson* (1980), 69 Ohio App.2d 91,430 N.E.2d 954, and where the claim of ineffective assistance is premised upon the failure to file a baseless motion to suppress, such claim must fail. Id.

{¶ 31} The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  A law enforcement officer's stop of an automobile must comply with the Fourth Amendment's reasonableness requirement.  *Whren v. United States* (1996), 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89.

{¶ 32} A stop may be justified as a noninvestigatory traffic stop where a police officer has probable cause to believe a traffic offense has occurred or was occurring.  Id.  In *State v. McWhorter,* Cuyahoga App. No. 95108, 2011-Ohio-1074, this court noted that the "the simple appearance of a crack in a windshield does not give rise to a reasonable suspicion of a violation of R.C. 4513.02(A)."  Rather, the court must determine whether the particular facts surrounding the crack in the windshield give rise to a reasonable suspicion that the vehicle was in an unsafe condition such that its operation would endanger persons.  Id., citing to *State v. Latham*, Montgomery App. No. 20302, 2004-Ohio-2314, and *State v. Cooper*, Montgomery App. No. 23719, 2010-Ohio-1120.

{¶ 33} Further, an exception to the warrant requirement includes evidence found in plain view. "[T]o justify the warrantless seizure of an item under the plain view doctrine: (1) the seizing officer must be lawfully present at the place from which he can plainly view the evidence; (2) the officer has a lawful right of access to the object itself; and (3) it is immediately apparent that the item seized is incriminating on its face." *Horton v. California* (1990), 496 U.S. 128, 136-37, 110 S.Ct. 2301, 110 L.Ed .2d 112.

{¶ 34} In order to satisfy the "immediately apparent" requirement, an officer must have probable cause to associate the object with criminal activity. *State v. Halczyszak* (1986), 25 Ohio St.3d 301, 496 N.E.2d 925, paragraph three of the syllabus. This court has previously held that the plain view exception applies where trained police officers observe marijuana and marijuana cigarettes on the middle of a vehicle console. See *State v. Beavers*, Cuyahoga App. No. 88513, 2007-Ohio-2915. See, also, *State v. Golubov*, Wayne App. No. 05CA0019, 2005-Ohio-4938 (plain view exception applied where there was a partially burnt marijuana cigarette in defendant's vehicle).

{¶ 35} In this matter, we conclude that the police did not violate defendant's Fourth Amendment rights in connection with the discovery of the marijuana cigarette. The initial stop of the vehicle was based upon the crack in the windshield. Officer Hageman testified that defendant was cited for this offense and there is no basis in the record upon which to conclude that the officers unreasonably determined that the crack rendered the vehicle unsafe. Moreover, the record indicates that, once the vehicle had been stopped, and during Officer Hageman's lawful interaction with defendant, it was immediately apparent to the experienced officer that the cigarette, in plain view in the ashtray, contained marijuana.

{¶ 36} Therefore, we conclude that the record is devoid of facts to support the suppression of evidence, and the claim of ineffective assistance of counsel must therefore fail. See *Martin*.

{¶ 37} The second assignment of error is without merit.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
KENNETH A. ROCCO, J., CONCUR